FILED
CLERK, U.S. DISTRICT COURT

FEB - 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| AVTECH CORPORATION, | Case No. 2:10-cv-02405-VBF-FFM |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| DAY-RAY PRODUCTS, INC., | **Note changes made by the Court.** |
| Defendant. | |
| AND RELATED COUNTERCLAIM. | **Hon. Frederick F. Mumm** |

The Court having considered the Motion for Entry of Protective Order filed by Plaintiff/Counterdefendant Avtech Corporation, and the partial concurrence and partial opposition thereto of Defendant/Counterclaimant Day-Ray Products, Inc., and the papers and arguments of the parties, pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c), and good cause appearing, as noted in the following statement of good cause, the Court hereby enters this Protective Order in the above-captioned Action on the following terms and conditions.

CHRISTIE, PARKER & HALE, LLP

-1-

## STATEMENT OF GOOD CAUSE

This Action is a patent infringement action. The parties have represented to the Court that discovery and trial of this case will involve the exchange of highly sensitive information. Such information may include confidential business strategies, financial data, product design and manufacturing details, blueprints, customer lists, confidential research, development, or commercial information, and other information that is not available to the public. The parties are direct competitors and agree that the disclosure of such highly sensitive information to the public may be detrimental to their respective commercial interests. Therefore, in agreement with the principles laid out in *Foltz v. State Farm Mutual Automobile Insurance Co.,* 331 F.3d 1122 (9th Cir. 2003), the parties have jointly requested entry of this protective order, and asserted good cause therefor.

The Court accordingly finds that, in connection with the above-captioned matter, certain information, documents and things containing trade secrets (as defined by California Civil Code § 3426.1), and other confidential business or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands; and

The Court further finds that it would serve the interests of the parties to conduct discovery relating to this proceeding under a Protective Order pursuant to FRCP Rule 26(c); and therefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      This Protective Order shall apply to all information, documents, testimony and things designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (collectively, "Confidential Information") by the parties or nonparties as provided in this Order. As used herein, "Confidential Information" means any information, documents, testimony

CHRISTIE, PARKER & HALE, LLP

1   and things so designated as more fully described in Sections 3(a) through 3(d)
2   below.

3         2.    All Confidential Information is provided solely for the purpose of
4   this litigation between the parties and may not be used for any other purpose,
5   except by leave of Court on motion with notice to all interested parties.

6         3.    Each affidavit or portion thereof, each deposition transcript or
7   portion thereof, each interrogatory answer or portion thereof, each document or
8   portion thereof, each premise or thing or portion thereof, which is deemed by a
9   party or by a nonparty producing same that discloses Confidential Information
10  will be so identified and labeled CONFIDENTIAL or HIGHLY
11  CONFIDENTIAL – ATTORNEYS' EYES ONLY as follows:

12        a.    A party or nonparty may designate material CONFIDENTIAL
13  only if it, in concurrence with its counsel and in good faith, deems that a
14  reasonable basis exists for limiting dissemination of the material under the
15  standards of FRCP 26 and contains confidential and/or proprietary commercial
16  information that is not generally available to the public.

17        b.    A party or nonparty may designate material HIGHLY
18  CONFIDENTIAL – ATTORNEYS' EYES ONLY if it, in concurrence with its
19  counsel and in good faith, deems that disclosure of such material to another
20  person or party would be injurious to the commercial interests of the designating
21  entity under the standards of FRCP 26 and contains highly proprietary technical
22  or trade secret or business information so that the risk of improper use or
23  disclosure to another party outweighs the right of that party to review such
24  information.

25        c.    The following topics and categories of information and
26  documents (including without limitation emails) are presumed to be ineligible for
27  designation as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:

28

-3-

CHRISTIE, PARKER & HALE, LLP

(i)     Any information or documents created over ten years prior to the filing of the Action, or any information or documents more recent than ten years prior to the filing of the Action whose content refers only to matters or occurrences over ten years prior to the filing of the Action, except that this Subsection *3(c)(i)* shall not apply to the topic of products or product lines other than Pertinent Products. The term "Pertinent Products" is defined collectively as the accused products or product lines, products or product lines covered by the patent-in-suit, and/or products or product lines equivalent to or directly competitive with either of the foregoing.

(ii)    The identities of customers generally.

(iii)   Gross sales of Pertinent Products, prior to patent expiration.[1]

(iv)    Customer relations, contacts and correspondence for or with customers regarding Pertinent Products, prior to patent expiration.

(v)     Quality and maintenance issues concerning Pertinent Products, prior to patent expiration.

(vi)    Correspondence or interaction with the FAA or other government agencies.

(vii)   Avtech's information/documents concerning Day-Ray or Day-Ray's information/documents concerning Avtech, whether as a competitor, acquisition target, or litigation adversary.

(viii)  Information concerning Bruce Industries, Inc. (i.e., Bruce prior to acquisition), including without limitation its acquisition by the TransDigm Group Inc.

---

[1] For purposes of the lists in Sections 3(c) and 3(d), the phrases "prior to patent expiration" and "after patent expiration" pertain to the time of the matters and/or occurrences referred to in the information and documents, rather than to the time of creation or revision of the information or documents themselves.

-4-

CHRISTIE, PARKER & HALE, LLP

(ix)    Documents concerning this Action not covered by attorney-client privilege or work product doctrine.

~~If a party desires to designate information or documents within one or more of the foregoing topics as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, such party may move this Court pursuant to Local Rule 37 for an order that such information or documents may be so designated. The party designating the material shall have the burden of proving that the designation is proper.~~ **(FFM)**

d.     The following topics and categories of information and documents (including without limitation emails) are presumed be eligible for designation as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, but are not required to be so designated:

(i)     Specific, individual sales transactions.

(ii)    Market strategies and pricing negotiations concerning Pertinent Products.

(iii)   Gross sales of Pertinent Products, after patent expiration.

(iv)    Customer relations, contacts and correspondence for or with customers regarding Pertinent Products, after patent expiration.

(v)     Quality and maintenance issues concerning Pertinent Products, after patent expiration.

(vi)    Specific product technology.

(vii)   Non-public company financial data and corporate structure information.

(viii)  Products other than Pertinent Products.

(ix)    Per-unit revenue and profit data, including without limitation pricing, profit margin, and costing.

-5-

CHRISTIE, PARKER & HALE, LLP

e. In the case of information voluntarily disclosed in these proceedings or disclosed as a result of discovery, the producing party or nonparty may identify and mark Confidential Information at the time when an affidavit, pleading or memoranda is served, when the answer to the interrogatory or request for admission is served, when a copy of a document is provided or at the time of the inspection of the premises or thing.

f. In the case of depositions and deposition transcripts, the designating party or nonparty shall advise opposing counsel and the Court Reporter of the specific pages and exhibits to be maintained as Confidential Information at the deposition or within thirty (30) days after receipt of the transcript. The Court Reporter shall conform all materials in his or her possession to reflect such confidentiality designation and bind (or re-bind if necessary) separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as appropriate. Until expiration of the 30-day period, the transcript shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, unless the parties stipulate otherwise on the record.

4. Inadvertent failure to designate Confidential Information as such prior to disclosure, production, or response, will not prevent a subsequent confidentiality designation by letter promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt of the letter shall not be a violation of this Order, nor shall the receiving party incur liability for use or disclosure of the information prior to the receipt of such letter.

5. Unless and until the Court rules that any material so identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

-6-

CHRISTIE, PARKER & HALE, LLP

ONLY is not, in fact, worthy of treatment as such and should be disclosed beyond the limits permitted by this Order, access, copying or dissemination of Confidential Information, shall be limited to:

        a.     Outside counsel of record and their partners, associates, full-time employees (including full-time stenographic, clerical and paralegal employees), outside vendors and copy services, and part-time attorneys, whose functions in active participation in this Action require access to such Confidential Information and who agree to be bound by the terms of this Order;

        b.     Independent experts or consultants for a party, and their full-time clerical employees who are not employees of, or related in any way to, the parties or their affiliates, and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this Action and/or any motions or appeals connected with the Action provided, however, that at least ten (10) days prior to the disclosure of Confidential Information under this Section: (1) such persons are identified in writing to each party[2] in the Action; (2) the resume of the expert or consultant is provided to each party in the Action; (3) the expert or consultant executes Exhibit A; and (4) a copy of Exhibit A is provided to each party in the Action. If any party objects to the disclosure of such information to said expert or consultant, that party must serve a written objection within 10 days after receipt of all of the information set forth herein and no disclosure of Confidential Information shall occur until all objections are resolved by the parties or by court order, including any appeal of such order.

        c.     Persons appearing for deposition provided that such persons: (1) authored or received such Confidential Information; (2) are established as

---

[2]    If a nonparty's Confidential Information is involved, that nonparty shall also be notified and all of the provisions of this Order that apply to parties shall apply to nonparties as well.

CHRISTIE, PARKER & HALE, LLP

being knowledgeable of the contents of such Confidential Information prior to the time of his or her testimony; or (3) is a current employee of the party (or non-party) that produced the Confidential Information (subject to the right of the producing party to object and move for a protective order prior to the deponent being given access to such Confidential Information).

         d.     The Court and its officers (including court reporters);

         e.     Provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms,

            (i)     Executives of the parties who are required to participate in policy decisions with reference to this Action;

            (ii)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this Action; and

            (iii)   Stenographic and clerical employees associated with the individuals identified above;

except that the disclosures permitted by this subsection *5(e)* shall not apply to information designated by the producing party as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY; and

         f.     Any other person that the parties hereto agree to in writing.

    6.     The outside counsel of record for Avtech referred to in Section 5(a) above shall not permit any Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (or similar designation) to be disclosed to any other attorney or person within such counsel's law firm or other organization unless such other attorney or person actively participates in this Action, and such other attorney or person shall be deemed covered and referred to by Section 5(a) above. Any outside counsel of record for Avtech or other person referred to in Section 5(a) above who receives or reviews any Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

CHRISTIE, PARKER & HALE, LLP

ONLY (or similar designation) shall not, for a period of two (2) years following the final resolution of this Action or any appeal therefrom, for or on behalf of Avtech, the TransDigm Group Inc., or any entity affiliated with either of them, become involved in, advise on, or otherwise participate in (i) any patent prosecution matter involving the technology at issue in this Action, or (ii) any transactional matter that involves Day-Ray, including without limitation any matter related to any potential, attempted, or actual acquisition of Day-Ray.

7.   To the extent Confidential Information is included in any pleading, paper, or other document filed with the Court, the party ~~filing~~ **submitting** such Confidential Information shall lodge ~~or file~~ such information ~~under seal in compliance with this Court's Orders and~~ **along with an application to file the Confidential Information under seal.  The application shall comply with** Local Rule 79-5.1.  ~~No advanced permission is required to file the Confidential Information under seal.~~  **Redacted copies of the pleading, paper or other documents must be filed at the time the application is submitted. (FFM)**

8.   Confidential Information once designated may be re-designated as follows:

(a)   A party may object in writing to any other party's designation of any Confidential Information containing only topics contained in Section 3(c) above as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, in which case the parties shall meet and confer within ten (10) days, and such conference shall be deemed to satisfy the requirements of Local Rule 37-1. Unless the designating party within seven (7) days after the conference presents a joint stipulation draft on the issue in accordance with Local Rule 37-2 and thereafter proceeds promptly under that Rule to bring a motion on the issue, the objecting party shall have the right, upon written notice to the designating party, to re-designate the objected-to Confidential Information as CONFIDENTIAL and thereafter handle and use such Confidential Information on that basis. Upon any

CHRISTIE, PARKER & HALE, LLP

motion on this issue, the party designating the material shall have the burden of proving that the designation is proper.

(b)     This Protective Order shall not foreclose any of the parties from moving this Court pursuant to Local Rule 37 for an order that designated materials are not within the scope of protection afforded by FRCP Rule 26 or that Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY should be reclassified as CONFIDENTIAL. The party designating the material shall have the burden of proving that the designation is proper. In addition, the Court may award reasonable attorney's fees and costs to any party that successfully moves to change the designation of any document if the Court determines that the original designation was made in bad faith. ~~Designation as HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY of any information or document falling within the topic list of Section 3(c) above shall be presumed to be in bad faith.~~ **(FFM)**

9.     This Protective Order shall not prevent any of the parties or nonparty witnesses from applying to the Court pursuant to Local Rule 37 for relief herefrom or for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

10.     Subject to the limitations of this Protective Order, Confidential Information identified in accordance with Section 3 above may be used during discovery, in connection with any motion, ~~at the trial and/or appeal of this Action,~~ or for any other purpose as this Court may allow after notice to all parties. **Nothing herein shall be construed as applying to any trial or other proceeding held in open court.   Any such protection of Confidential Information in such proceedings must be obtained from the judicial officer conducting the proceedings. (FFM)**

CHRISTIE, PARKER & HALE, LLP

11.   In the event that a party desires to provide access to Confidential Information hereunder to any person or category of persons not included in Section 5 above or under terms and conditions other than as the parties have agreed pursuant to Section 5 above, the party desiring to provide access shall move this Court pursuant to Local Rule 37 for an order that such person or category of persons may be given access to the Confidential Information under such terms and conditions as the party shall designate in its motion papers. In the event that the motion is granted, such person or category of persons may have access to the Confidential Information provided that such person or persons have first agreed in writing to be bound by the terms of this Protective Order and have signed a copy of Exhibit "A" hereto.

12.   Within ninety (90) days after final termination of this case, receiving counsel shall return all copies and samples of Confidential Information in its possession, custody or control to counsel for the party who has provided them or certify destruction thereof, except, however, counsel may retain copies of any pleading, interrogatory response, deposition transcript, or other document containing such Confidential Information.

13.   No copy of any deposition transcript or any portion thereof designated as Confidential Information shall be prepared or furnished by the reporter to any person other than to attorneys of record for the parties. Neither the original nor any copy of any transcript of any deposition taken in this Action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Confidential Information, unless the transcript and all papers referencing the transcript are filed under seal. If given a confidentiality designation, the confidential portion of the transcript shall be retained by said counsel and, when used in this Action, filed under seal in accordance with Section 7 above unless otherwise agreed upon by the parties.

CHRISTIE, PARKER & HALE, LLP

-11-

14.     In the event that a party or nonparty witness to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed party") produce information, documents, things or other materials that have been designated as Confidential Information, the subpoenaed party shall promptly notify the designating party of the demand. If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials; provided that the designating party shall bear all expenses, including attorneys' fees, incurred by the subpoenaed party in connection therewith.

15.     This Protective Order shall survive the final determination of this Action and shall remain in full force and effect after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

16.     Nonparties may produce information and documents that will be governed by the terms of this Order by agreeing in writing to be bound by the terms of this Order and following the procedure for designating Confidential Information described elsewhere in this Order. As regards third party subpoenas, nothing in this Order affects the duty of any person or party to abide by the requirements of Federal Rule of Civil Procedure 45, or affects or diminishes the protections offered by that Rule.

17.     This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Confidential Information for any purpose. Also, nothing contained herein shall impose any restrictions on the use or disclosure by the Receiving Party of information that: (a) was already known to such party by lawful means prior to its disclosure by the Designating Party in this Action; (b) is or becomes publicly known through no fault of the Receiving Party;

CHRISTIE, PARKER & HALE, LLP

or (c) is rightfully received by the Receiving Party from a third party which has authority to provide such information and who is without restriction on the use or disclosure of such information.

**IT IS SO ORDERED.**

DATED: February 8, 2011

S/ FREDERICK F. MUMM
Hon. Frederick F. Mumm
United States Magistrate Judge

CHRISTIE, PARKER & HALE, LLP

-13-

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, state that:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Protective Order in this action signed by the United States Magistrate Judge.

5.      I have read and understand all of the provisions of the Protective Order.

6.      I will hold in confidence and will not disclose to anyone not qualified under the Protective Order or use any materials designated **CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** which are disclosed to me except as permitted by that Order.

7.      Having read the Protective Order, I will comply with all its provisions.

8.      I agree to return all **CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided it to me. I will do this immediately upon receiving a request from such counsel, and in any event by no later than thirty days after being informed that the litigation between the parties has ended.

9.      I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of this Protective Order.

DATED: _____        _____
                                                          (Signature)

KMG PAS927282.1-*-10/28/10 1:04 PM

-14-

CHRISTIE, PARKER & HALE, LLP